DUCHEIN et al. v. BEN ROUMAIN, INC.

No. 1757.

Court of Appeal of Louisiana. First Circuit.

Nov. 6, 1937.

Reeves. The last-named three are two neices and a nephew of the others. They all own the property leased in the proportion of an undivided one-third each to Miss Laura Duchein and Miss Annie Duchein and an undivided one-ninth each to the others. The lessee, defendant herein, is Ben Roumain, Inc., operating and conducting a jewelry business in the leased building.

According to the allegations of the petition, the present contract on which this suit is based began on February 1, 1933, and the rent agreed upon was the sum of $75 payable monthly. No time was specified for the life of the lease and it continued at the same monthly rental until October 1, 1936, when the price was raised to $100 a month.

At the time suit was filed, which was December 29, 1936, plaintiffs claimed that during the whole period covering the same there had accrued $3,600 in rent, of which amount the defendant had paid them the sum of $2,328.75, and that accordingly there was due them the sum of $1,271.-25, which they were unable to collect despite repeated amicable demands for same. They accordingly prayed for judgment against the defendant in that sum with recognition of the lessor's lien and privilege on all property and effects of the defendant then in the leased premises.

It appears to us that the defendant corporation is controlled by one individual, the same whose name it bears; so in mentioning it we will take the liberty of referring to him as an individual.

In his answer, the defendant claims that whereas for the year 1933 plaintiffs aver that he owes them a balance of $436.00, he has receipts showing credits amounting to $200 more than they allow and consequently the balance on the rent account for that year is $236.

For the year 1934, he claims a credit of $25 more than is given him, and therefore instead of $601.25 which their statement shows, the correct amount is $625.25, leaving a balance on the rent account for that year of $273.75.

For the year 1935, plaintiffs claim a balance of $395 on the rent account, whereas defendant contends that he is entitled to credits amounting to $250 more, which would leave as the balance for that year the sum of $145.

For the year 1936 plaintiffs give him credit for $833.50 on the total amount of

Robert C. Taylor, of Baton Rouge, for appellants.

Breazeale & Sachse, of Baton Rouge, for appellee.

LE BLANC, Judge.

This is a suit for rent involving transactions covering a period of nearly four years. The subject of the lease was a building on Third street in the city of Baton Rouge. The lessors, who are the plaintiffs in the suit, are Miss Laura Duchein, Miss Annie Duchein and Annette Duchein, Charles F. Duchein and Mrs. Mary Duchein Reeves, wife of Walter A.

$975 due them. The balance for that year, they claim, is $141.50. Defendant contends that he has not been given credit for the additional sum of $49.90 which he paid during that year, and therefore the real balance is $91.60. With regard to the balance for the year 1936, we note that the district judge states in his written reasons for judgment that with the additional credits defendant claims there would be a balance on the rent account of $66.60, which it will be noted is $25 less than we have figured it. There appears to be an error in defendant's answer in stating what the rent for 1936 amounted to. He states that it was $950, whereas we believe the correct amount to be $975. The district judge, however, saw the error, and it was not followed in the calculations leading to the fixing of the amount for which judgment was finally rendered.

On the rent account, therefore, we find the plaintiffs claiming a balance of $1,271.25, and the defendant credits to the amount of $524.90 more than they allowed him, which of itself would reduce the claim to the sum of $646.35. In addition to this, however, the defendant claims further offsets against the balance due as rent by reason of purchases made from his store, during the entire period, either by Miss Laura Duchein herself or by other of the plaintiffs with her authorization. Besides these purchases, he made repairs to jewelry and clocks for them for which the account was justly charged. An itemized statement of these purchases and repairs annexed to his answer show that these amounted to $185 for the year 1933, $126.05 for the year 1934, $87.20 for the year 1935, and $94.15 for the year 1936; a total of $492.40 for the entire period.

As a further offset, the defendant claims to have had certain repairs made during the lifetime of the contract to the leased premises which he paid for. These are itemized in his statement and amount to $22.50 for the year 1933 and $119.50 for the year 1934, a total of $142.

All told, therefore, the defendant claims the sum of $1,159.30 in credits and offsets more than were allowed him by the plaintiffs, and this amount would accordingly reduce the balance he owes them to the sum of $111.95. By reason of the error of $25 already mentioned with regard to the rent due for the year 1936, the defendant stated the balance as being $86.95, which amount he tendered the plaintiffs with costs.

The evidence in the case consisted of the oral testimony of the defendant Ben Roumain and Miss Laura Duchein, who apparently had charge of the rent account for all the plaintiffs, and of a large number of receipts, very carelessly and negligently drawn, and some with apparent erasures and inserted dates, a mass of bank deposit slips from which Miss Duchein attempted to show how she kept up the account, and the books and statements produced by the defendant which did not any better reflect the rent account than did the method followed by the plaintiffs. The testimony of the two witnesses is a mass of conflicts, contradictions, and evasions, which, instead of helping the district judge in unraveling the difficult problem presented to him, only served to make his task more difficult because he then had to resolve in favor of the one or the other certain insinuations of dishonesty. To use his own language, "the record in the case is so hopelessly confused, the testimony offered by both plaintiff and defendant so conflicting and unsatisfactory, that it will be indeed difficult to arrive at a correct conclusion as to the rights of the parties," and he significantly adds: "During the trial of the case it developed that counsel for both sides had repeatedly conferred with the view of trying to adjust the differences between their clients without avail; and it would seem that this court is called upon to do that which neither the plaintiff nor the defendant nor their counsel themselves can do, that is, determine whether the plaintiff owe the defendant or the defendant owes the plaintiff." We think that he did remarkably well in analyzing each and every questioned receipt and every other item of importance produced, and also in weighing the testimony of the respective witnesses, and are of the opinion that he has rendered substantial justice between the parties. He rejected the defendant's claim for repairs to the leased premises. During the trial of the case it developed that the plaintiffs admitted the correctness of a great many receipts produced by the defendant which reduced the balance they claimed to the sum of $936.35. The judge allowed further credits which defendant claimed under receipts which were questioned, reducing the net balance on the rent account proper to the sum of $736.75. Against this balance, however, he allowed defendant to offset the amount of the store account in full, $492.40, and

accordingly rendered judgment in favor of the plaintiffs against defendant in the sum of $254.25. It is from that judgment plaintiffs have appealed. Defendant, contending that additional credits to which he was entitled were shown during the trial, has answered the appeal and asked that the judgment be reduced to the amount of $2, which is all that plaintiffs are entitled to after allowing defendant these additional credits.

The claim for an offset to the extent defendant alleges he paid for repairs to the leased premises was properly rejected in the lower court. It is clear from the articles of the Civil Code that before he can be held on an obligation for repairs, the lessor must have been put in default by the lessee who claims to have made them. By the provisions of article 2693, the lessor is bound to deliver the thing leased to the lessee in good condition and free from any repairs and he "ought to make," the article reads, "during the continuance of the lease, all the repairs which may accidently become necessary; except those which the tenant is bound to make as hereinafter directed." Then the following article provides that "if the lessor do not make the necessary repairs in the manner required in the preceding article, *the lessee may call on him to make them.* If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable." (Italics ours.) In presenting his claim for offset on this item, the defendant does not allege that previous to making the repairs he *called* on the plaintiffs to make them. In effect, he failed to allege a putting in default, a necessary and sacramental allegation in order to sustain a cause of action on such a demand. Plaintiffs protected themselves against the demand by timely objecting to it in the manner in which it was presented.

With regard to the claim for credit for merchandise sold to plaintiffs during the period involved in this controversy, we are of the opinion that it was properly allowed by the district judge. In this court their counsel earnestly contends that proof is entirely lacking for any part of the account, but it is entirely impossible to reconcile his statement with the open admissions of Miss Duchein on the witness stand as to the correctness of a substantial part of the account. On the disputed items, her testimony was so vague and indefinite as not to be of a very impressive nature. She claims that many purchases were for wedding, graduation, and other presents and she disputes some of them on the ground that she has no invitations or acknowledgment cards of the dates corresponding with those about the time the account is charged with a certain object. As stated by the learned trial judge: "When one relies on 'thank you' cards alone to decide whether an article of jewelry or other merchandise was bought in a given year, where there is no certainty that all of the 'thank you' cards sent are still in possession, or upon the assumption that in every instance a 'thank you' card was sent at all, he or she is depending upon a very unsatisfactory kind of evidence to prove or disprove an asserted fact."

In respect to this account, counsel for plaintiffs is rather severe in his criticism of the defendant. In fact, he charges him with dishonesty as he refers to the account as having been "padded." Still, his client Miss Laura Duchein, herself does not accuse him of anything dishonorable. In referring to the matter, she says positively, in answer to a question put to her by the district judge, "I do not say he did anything to defraud me at all * * *. I never accused him of being crooked * * *." She would rather say that he made mistakes. If his client refuses to make the accusation and the district judge found him to be honest in these transactions, counsel can hardly expect this court to brand the defendant with dishonesty on the charge which he alone makes, for "padding" a store account is certainly the grossest kind of dishonesty.

Much of what we have said with regard to the credit allowed on the merchandise account might be said also with regard to the further credits claimed by the defendant by reason of the receipts for rent which he produced. Each of the questioned receipts passed through the closest scrutiny and examination of the district judge, and it would serve no useful purpose for us to comment in detail on any of them. It might be pertinent for us to remark that a good number of them were frankly acknowledged by Miss Duchein after she had been reminded of certain facts in connection with them. Like the store account, the remaining receipts

which are questioned would also implicate the defendant in fraudulent practices because the only way in which they could have come into existence if they are not genuine would have been for him to have forged them. To label a person as a forger in a civil proceeding certainly requires more proof than has been offered in this case.

■ As stated before, this litigation arose out of the absolute carelessness and negligence of the parties in keeping what appears to us to have been, after all, a simple rent account. In the light of what testimony he had before him, both oral and documentary, we believe, as we have already said, that the district judge disposed of the task presented to him remarkably well. Substantial justice has been rendered and certainly no manifest error has been pointed out to justify a change in the judgment. The answer to the appeal is based on items of credit which defendant's counsel state were developed during the trial. These credits were not claimed in the pleadings and for that reason could not be allowed in this proceeding. We have therefore not given them any consideration whatever.

Judgment affirmed.